MEVES *v.* SCHRIVER.

IRWIN *v.* SCHRIVER.

ELECTIONS — CHARTER COMMISSION — MUNICIPAL CORPORATIONS — PRIMARY NOMINATIONS.

> In proceding to nominate members of a charter commission of the city of Grand Rapids, under Act No. 279, Pub. Acts 1909, the candidate must file a petition signed by not less than two per cent. of the voters for secretary of State at the preceding election, as in the case of the nomination of city and ward officers, notwithstanding a resolution of the common council providing a different method. Act No. 281, Pub. Acts 1909.

Separate petitions for mandamus by Ehlert A. Meves and Robert W. Irwin to compel James Schriver, clerk of the city of Grand Rapids, to place their respective names upon an official ballot. Submitted June 21, 1910. (Calendar Nos. 24,090, 24,091.) Writs denied July 14, 1910.

*Henry T. Heald, Benjamin P. Merrick,* and *Elvin Swarthout,* for relators.

*Moses Taggart, Raymond M. Ferguson,* and *Clark E. Higbee,* for respondent.

BLAIR, J. The city of Grand Rapids is organized under a special act of the legislature (Act No. 593 of the Local Acts of 1905), entitled:

" An act to revise the charter of the city of Grand Rapids, including therein also as part of such charter the acts controlling the board of education and the board of library commissioners," as amended.

At the general city election upon the 4th day of April, 1910, the electors of the city of Grand Rapids, by a majority vote, declared in favor of a general revision of the

charter of said city under and pursuant to the provisions of Act No. 279 of the Public Acts of 1909, entitled:

"An act to provide for the incorporation of cities and for changing their boundaries."

On the 23d of May, 1910, the common council of the city of Grand Rapids in regular session passed and adopted a resolution ordering a special election to be held in said city for the purpose of electing a charter commission and designating the 6th day of September, 1910, for the date of said election. Among other things, the resolution prescribed the method by which candidates for office of member of the charter commission shall be placed in nomination, and the manner in which the official ballots for use at said election shall be prepared. In the case of candidates for the charter commission from the several wards of the city, the resolution provides that nomination shall be by petition signed by not less than 20 qualified electors of said city, irrespective of party, residing in the same ward in which resides the candidate named in said petition, and provides that the petition shall be filed with the city clerk not less than 10 days before the date of said election. Relator tendered to the city clerk of said city a petition nominating him as candidate for member of the charter commission from the Twelfth ward of said city, and requesting that his name be placed upon the official ballot. The petition was signed by 20 qualified electors of the city, irrespective of party, residing in the Twelfth ward, the same ward in which resides the relator, the candidate named in the petition. Relator has the qualifications required by law for candidates. The petition was tendered to the city clerk on the 31st day of May, 1910. The city clerk refused to receive and file the petition, and on June 3d served on relator his reasons in writing for the refusal, claiming:

*First.* That the method of nomination does not comply with section 18 of Act No. 279 of the Public Acts of 1909.
*Second.* That it does not comply "as near as may be"

with the law for the nomination of city and ward officers in the city of Grand Rapids as provided in said Act No. 279.

*Third.* That it does not comply with Act No. 281 of the Laws of 1909, nor with section 27 of said act.

*Fourth.* That the common council of the city of Grand Rapids cannot change the method of nomination so far as defined in the home rule act.

Petition for the issuance of a writ of mandamus was filed in this court on the 7th day of June, 1910, commanding James Schriver, clerk of the city of Grand Rapids, to receive and file the petition heretofore tendered to him nominating Ehlert A. Meves as a candidate for the office of member of the charter commission of the said city of Grand Rapids from the Twelfth ward of said city. On June 10, 1910, an order to show cause was issued from this court, returnable June 21, 1910, in accordance with the prayer of the petition, and the respondent has filed his answer to said petition. In and by the said answer the respondent admits the allegations of fact hereinbefore stated to be true, and admits the nominating petition of relator is in conformity with the requirements of the resolution adopted by the common council. Respondent does not admit that it was, in form and substance, in conformity with the requirements of Act No. 279 of the Public Acts of 1909, entitled:

"An act to provide for the incorporation of cities and for changing their boundaries."

He does not admit that it was his duty, as city clerk of the city of Grand Rapids, to receive and file the said petition. He claims that the council had no authority to pass the resolution, and that candidates for the charter commission cannot be nominated in accordance with the resolution. He claims that candidates for the charter commission must be nominated under the primary law of 1909 (Act No. 281, Pub. Acts 1909), entitled:

"An act relative to the nomination of party candidates for public office and delegates to political conventions, to

regulate primary elections and to prescribe penalties for violations of its provisions, and to provide for the printing upon election ballots of the names of candidates nominated under the terms of this act, and to repeal Act No. 4 of the Public Acts of the Extra Session of the year 1907, and all local primary election acts contravening the provisions of this act, except as in this act otherwise provided."

Section 18 of Act No. 279, Pub. Acts 1909, provides for the election of a charter commission to make a general revision of the city charter,—

"Consisting of one elector from each ward and three electors at large, having a residence of at least three years in the municipality; no city officer or employé whether elected or appointed shall be eligible to a place upon said commission; the names of all candidates who have been duly nominated as hereinafter provided shall be placed upon a separate ballot at the election designated to be held for the election of a charter commission and without their party affiliations designated; the candidate having the greatest number of votes in each ward shall be declared elected, and the three candidates at large having the greatest number of votes cast in the city shall be declared elected; the nomination and election of the members of such commission except as herein specified, shall be conducted as near as may be as now provided by law for the nomination and election of city and ward officers in the respective cities of this State."

We find no serious difficulty in interpreting this section. The language, "the names of all candidates who have been duly nominated as hereinafter provided," clearly refers to the later provision of the same section that such nominations shall, "except as herein specified," be conducted, "as near as may be," in accordance with the then existing law.

Act No. 281 of the Public Acts of 1909, approved on the same day as Act No. 279, in its provisions for the nomination of city and ward officers, applies to the city of Grand Rapids. By section 17 of this act, every city in the State having a population of 70,000 or more is brought within the provisions of the act. Section 27 of this act reads in part as follows:

"To obtain the printing of the name of any candidate of any political party for a city office on the official primary election ballots for use in such city, there shall be filed with the city clerk of such city such nominating petitions signed by a number of enrolled voters of such political party and who reside in such city, equal to not less than two *per centum* nor more than four *per centum* of the number of votes that such political party cast therein for secretary of State at the last preceding November election."

Respondent's answer, paragraph 10 of the *Meves Case*, and section 11 of the *Irwin Case*, gives the number of votes of the leading political parties cast at the last general State election for secretary of State. For the two leading parties it would require to nominate a candidate at large a minimum of 207 signers for the Republican petition, and 174 for the Democratic, with a comparatively small number for the others.

It is contended by relator that the words, "except as herein provided," in section 18, refer back to the provisions of section 15 relating to the incorporation of new cities, providing, as to the election of a charter commission, as follows:

"And such county clerk shall also prepare a separate ballot and place upon the same without party designation, under the heading 'Candidates for members of the charter commission,' the names of all electors, having the qualifications required by this act for members of charter commissions, who shall file a petition signed by twenty qualified electors residing in the territory proposed to be incorporated, asking that such name be placed upon the ballot."

We are of the opinion that the exception relates to the designation upon the ballot, "without their party affiliations," and not to the provisions of section 15, which relate solely to the incorporation of new cities.

Relator further contends that unless his construction of the words, "except as herein specified," be adopted, the provision of section 18 that the nomination and election shall be conducted "as near as may be," etc., is unconsti-

tutional as contravening the provisions of article 8, § 20, and article 5, § 30, of the State Constitution (1909).

We do not find it necessary to consider the constitutionality of the method provided in section 18 for the nomination and election of members of the charter commission, since, in our opinion, it is the only method provided for the purpose, and, not having been followed by relator, he is not entitled to the writ prayed for.

This opinion also disposes of the companion case of *Irwin* v. *Schriver,* and the petitions in both cases are denied.

BIRD, C. J., and OSTRANDER, HOOKER, and STONE, JJ., concurred.